# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTONIO COLBERT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-666 (JDB) |
| UNITED STATES POSTAL SERVICE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**I.    Introduction.**

Plaintiff Antonio Colbert commenced this case against Defendant the United States Postal Service (USPS), alleging that it has failed to deliver his mail to him since December 6, 2010. Defendant has moved to dismiss this case alleging, among other things, that the Court lacks subject-matter jurisdiction to consider this case. The motion will be granted. Defendant is entitled to sovereign immunity from Plaintiff's claims to the extent that Plaintiff alleges that Defendant has lost, miscarried, or negligently transmitted his mail; moreover, as to any mail-delivery claim Plaintiff might have, he has not pled that he exhausted his administrative remedies. This case will therefore be dismissed for lack of subject-matter jurisdiction.

**II.    Legal Standard.**

Under Federal Rule of Civil Procedure 12(b)(1), the party seeking to invoke the jurisdiction of a federal court—Plaintiff here—bears the burden of establishing that the court has jurisdiction. *See U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998)); *see also Grand*

*Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); *Pitney Bowes, Inc. v. USPS*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), "'Plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13–14 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed. 1990)). At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. Se*e EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005); *St. Francis Xavier Parochial Sch.*, 117 F.3d at 624–25 & n.3; *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III. Analysis.

#### A. Plaintiff's Claim Will Be Evaluated Under the Federal Tort Claims Act.

Plaintiff claims that Defendant has failed to deliver his mail to him since December 6, 2010. Compl., ECF No. 5-1 He seeks $5,000,000 in damages for that alleged failure. *Id.* The Federal Tort Claims Act (FTCA) "shall apply to tort claims arising out of activities of the Postal

Service." *Id.* 39 U.S.C. § 409(c); *see* 28 U.S.C. § 1346. Plaintiff's claim against the USPS for money damages will therefore be evaluated as a claim against the United States under the FTCA.

### B. This Case Will Be Dismissed for Lack of Subject-Matter Jurisdiction.

As "'an independent establishment of the executive branch of the Government of the United States' . . . [h]olding a monopoly over carriage of letters," Defendant "enjoys federal sovereign immunity absent a waiver." *Dolan v. USPS*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 201). "Sovereign immunity is jurisdictional in nature." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.*

> The FTCA contains a general waiver of sovereign immunity for
>
> claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, that waiver does not apply to any claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* § 2680(b). Defendant has therefore moved to dismiss this case for lack of subject-matter jurisdiction based on sovereign immunity. Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 7–9, ECF No. 3-1 [hereinafter Def.'s Mem.].

"Mail is 'lost' if it is destroyed or misplaced . . . ." *Dolan*, 546 U.S. at 487. Mail is also "lost" if it is stolen by a postal employee. *See, e.g.*, *Levasseur v. USPS*, 543 F.3d 23, 24 (1st Cir. 2008) ("[M]ail that is stolen by a postal employee is thereby 'lost' from the postal system."). "Mail is . . . 'miscarried' if it goes to the wrong address." *Dolan*, 546 U.S. at 487. Mail is "negligently transmitted" when the USPS commits negligence during and related to "the process

3

of conveying [letters or postal matter] from one person to another, starting when the USPS receives the letter or postal matter and ending when the USPS delivers the letter or postal matter." *Dolan v. USPS*, 377 F.3d 285, 288 (3d Cir. 2004), *rev'd on other grounds*, *Dolan*, 546 U.S. 481.  Notably, while the USPS is immune from claims arising out of transmission only if such transmission is negligent, the USPS is immune from all claims arising out of loss or miscarriage, regardless of intentionality or negligence.  *Levasseur*, 543 F.3d at 24 (noting that "the fact that the word 'negligent' only modifies the word 'transmission' indicates that intentional acts of 'loss' and 'miscarriage' are also covered" by the exception to the waiver of sovereign immunity).

Plaintiff does not specify whether his claim arises out of loss, miscarriage, negligent transmission, or intentional mis-transmission.  He simply asserts that his mail has been "held up" since December 6, 2010; that he has not "received mail since" that date; and that Defendant has "declined to give me the mail."  Am. Compl; *see also* Opposing Dismissal, ECF No. 9 [hereinafter Opp'n] (arguing in opposition to Defendant's motion that the USPS has "literally robbed me of . . . my mail" and has "held my mail up").  Assuming that Plaintiff has, in fact, not received his mail since December 6, 2010, it could be that his mail has been destroyed, misplaced, or stolen—i.e., lost.  It could also be that Plaintiff's mail has been consistently delivered to the wrong address, whether by accident or intentionally—i.e., miscarried.  It could be that his mail has not been delivered to him due to some ongoing negligence by the U.S. Postal Service—i.e., negligently transmitted.  But whether Plaintiff claims that his mail has been lost, miscarried, or negligently transmitted, the result is the same—sovereign immunity bars the claims and the Court lacks subject-matter jurisdiction over them.

Of course, it could also be that the USPS has been *intentionally* interfering with the transmission of Plaintiff's mail, by some means short of stealing it. In that narrow window of intentional mis-transmission, Defendant is not entitled to sovereign immunity. *See LeRoy v. U.S. Marshal's Serv.*, No. 06-cv-11379, 2007 WL 4234127, at *1 n.2 (E.D. La. Nov. 28, 2007) (noting that a postal employee's "refusal to deliver plaintiff's mail to him was an intentional act," not "'the loss, miscarriage, or negligent transmission of letters or postal matter'" (quoting 28 U.S.C. § 2680(b)). However, Defendant has also moved to dismiss this case for lack of subject-matter jurisdiction based on failure to exhaust administrative remedies. Def.'s Mem. at 9–10.

"An action shall not be instituted" under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). This statutory requirement of administrative exhaustion "is a jurisdictional prerequisite to the maintenance of a tort suit against the United States." *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987). A plaintiff must therefore plead administrative exhaustion in an FTCA case. *See* Fed. R. Civ. P. 8(a)(1) (requiring a plaintiff to plead "a short and plain statement of the grounds for the court's jurisdiction"); *see also Eastridge v.* United *States*, No. 06-cv-448, 2007 WL 495797, at *12 (D.D.C. Feb. 12, 2007) (dismissing FTCA claims "for lack of jurisdiction" where the plaintiff had "not alleged that before filing suit in this Court he first presented his claims in writing to the federal agency that allegedly caused the injury").

Plaintiff's complaint does not contain any assertion that he has presented his claim to the USPS or that the USPS has finally denied any such claim. *See* Am. Compl. Moreover, Plaintiff has not responded to Defendant's argument that the Court lacks subject-matter jurisdiction because Plaintiff has not exhausted his administrative remedies. *See* Opp'n. Plaintiff has thus

conceded that he has not exhausted his administrative remedies. *See, e.g.*, *Kone v. District of Columbia*, No. 11-cv-54, 2011 WL 3841072, at *2 (D.D.C. Aug. 30, 2011) (treating as conceded arguments for dismissal to which a pro se plaintiff did not respond). The Court therefore lacks subject-matter jurisdiction to consider any of Plaintiff's claims, whether they are construed as claims for loss, miscarriage, negligent transmission, or intentional mis-transmission.[1]

**IV. Conclusion.**

Because the Court lacks subject-matter jurisdiction to consider this case, Defendant's motion to dismiss will be granted and this case will be dismissed. A separate order consistent with this Memorandum Opinion shall issue this date.

DATE: December 22, 2011

/s/
JOHN D. BATES
United States District Judge

---

[1] Because the Court will dismiss this case for lack of subject-matter jurisdiction, the Court will not address Defendant's other arguments in favor or dismissal.